IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THURMAN BROWN, | ) | |
| Petitioner, | ) | Civil Action No. 14-125 Erie |
| | ) | |
| v. | ) | District Judge J. Frederick Motz |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN BOBBY MEEKS, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by federal prisoner Thurman Brown be dismissed as moot and that this case be closed.

**II.   REPORT**

**A.   Background**

On May 5, 2009, Brown was sentenced in the United States District Court for the District of Maryland to a term of 180 months of imprisonment for Felon in Possession of a Firearm, in violation of Title 18 U.S.C. § 922(g). Brown is incarcerated at FCI McKean, which is located within the territorial boundaries of this Court. On or around May 14, 2014, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the required $5.00 filing fee. [ECF No. 5]. In the petition, Brown argued that he is actually innocent of the enhancement applied to his sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) "[i]n light of the Supreme Court['s] ruling of Descamps v. United States, 133 S.Ct. 2276 (2013)." [ECF No. 5 at 2]. He claimed that based on the holding in Descamps, his state conviction for second degree assault does not qualify as a predicate

1

offense. As relief, he sought an order from this Court directing that his sentence be vacated and "remand[ed] for resentencing." [ECF No. 5 at 9].

Respondent's Answer was due on August 28, 2014. On that date, Respondent filed a Notice of Suggestion of Mootness [ECF No. 10] in lieu of an Answer. Respondent explained that because Brown recently received the relief he sought in this case in a similar § 2241 action he was pursuing before the United States District Court for the District of Maryland, the petition he filed with this Court must be dismissed as moot. Respondent states:

> Petitioner filed a similar challenge to his conviction before the sentencing court in United States v. [ ] Brown, No. WMN-07-0479 (D.Md.). Pursuant to a recent Department of Justice policy, the Assistant United States Attorney handling the matter before the District Court of the District of Maryland agreed to waive personal jurisdiction/venue challenges to Petitioner's motion and also agreed that Petitioner was entitled to re-sentencing in light of Descamps. (See Exh. A to the Motion for Enlargement of Time.) As such, Petitioner's counsel and the Assistant United States Attorney filed a Joint Motion to Correct Sentence on August 11, 2014. (See Exh. 1, Joint Motion to Correct Sentence.) On the same date, the court granted the Petitioner's pending Motion to Correct Sentence Under 28 U.S.C. § 2241, vacated Petitioner's original sentence, and determined that a sentence of imprisonment of time served plus four months was a reasonable and appropriate sentence. (See Exh. 2, Order.) As such, there is no remedy that this Court can provide and the Petition should be denied as moot.

[ECF No. 10 at 1-2].

### B. Discussion

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." Burkey, 556 F.3d at 147 (emphasis added) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472,

477-78 (1990), which cited Allen v. Wright, 468 U.S. 737, 750-751 (1984) and Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)).

"The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id. at 147-78. See also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Applying the above precepts to this case, the Court must conclude that the petition is moot. As demonstrated by Respondent, Brown has received the relief he sought in this proceeding when his original sentence was vacated and he was resentenced on August 11, 2014. Therefore, the petition he filed with this Court is now moot and should be dismissed for that reason. Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed as moot.[1]

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file

---

[1] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

          /s/ Susan Paradise Baxter
          SUSAN PARADISE BAXTER
          United States Magistrate Judge

Dated: September 2, 2014

cc:    The Honorable J. Frederick Motz
       United States District Judge